UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Asset Marketing Services, LLC,

    Plaintiff,

v.                                                                 Civil No. 14-553 (JNE/JSM)
                                                                  ORDER

Anthony G. LaBarbera, Shant Norsigian,
and RSN, P.A.,

    Defendants.

Asserting claims of rescission, reformation, fraud, and unjust enrichment, Asset Marketing Services, LLC, brought this action against Anthony G. LaBarbera, Shant Norsigian, and RSN, P.A., under the jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2012). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Observing that Asset Marketing Services failed to allege the parties' citizenships, the Court grants Asset Marketing Services an opportunity to file an amended complaint.

A district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking

diversity jurisdiction, Asset Marketing Services bears the burden of alleging each party's citizenship.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its Complaint, Asset Marketing Services alleged that it "is a limited liability company organized and existing under, and pursuant to, the laws of the State of Delaware with its principal place of business at 14101 Southcross Drive West, Burnsville, Minnesota 55337"; that "LaBarbera is an individual who, upon information and belief, resides in Vienna, Virginia"; that "Norsigian is an individual who, upon information and belief, resides in Miami, Florida"; and that "RSN, P.A. is an entity, type unknown, which, upon information and belief, is organized and existing under, and pursuant to, the laws of the State of Florida with its principal place of business in Miami, Florida."  Asset Marketing Services failed to allege the parties' citizenships.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and

because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Asset Marketing Services did not allege the citizenship of its members or sub-members.[1]

Asset Marketing Services alleged the residences of the individual defendants. Residence and citizenship are not synonymous for purposes of diversity jurisdiction. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."); *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) ("[P]laintiffs' residency allegation raises a threshold problem: 'an allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction.'"); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

---

[1] One day after it had filed its Complaint, Asset Marketing Services filed a Rule 7.1 Corporate Disclosure in which it stated that "AMS Holdings, LLC is the corporate parent of Asset Marketing Services, LLC."

3

Finally, Asset Marketing Services alleged RSN's citizenship under the rule that applies to corporations. But Asset Marketing Services stated that it does not know what type of entity RSN is. Asset Marketing Services failed to allege RSN's citizenship.[2]

In short, Asset Marketing Services failed to allege the parties' citizenships. Unless Asset Marketing Services files by March 7, 2014, an amended complaint that redresses the deficiencies noted above, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1653 (2012) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: February 28, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] Because "P.A." appears in its name, RSN is apparently a professional corporation. *See* Fla. Stat. § 621.12. A database that is available on the website of the Florida Department of State indicates that RSN is a corporation. *Cf. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) (noting court consulted state databases of incorporation). It appears that RSN is a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1); *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 738-43 (7th Cir. 2004).